**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. ___ 1:20-cv-01454_____

MARY K. MCKINNEY,

   Plaintiff,

v.

METRO COLLECTION SERVICE, INC.,

   Defendant.

## COMPLAINT

**NOW COMES** Mary K. McKinney ("Plaintiff"), by and through her attorneys, Sulaiman Law Group, Ltd., complaining of the Defendant, Metro Collection Service, Inc. ("Defendant") as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action seeking redress for violations of the Fair Debt Collection Practices Act ("FDCPA") pursuant to 15 U.S.C. §1692.

### JURISDICTION AND VENUE

2. Subject matter jurisdiction is conferred upon this Court by the FDCPA, and 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Plaintiff resides in the District of Colorado, Defendant conducts business in the District of Colorado, and a substantial portion of the events or omissions giving rise to the claims occurred within the District of Colorado.

## PARTIES

4. Plaintiff is a consumer and natural person over 18-years-of-age who, at all times relevant, resided in the District of Colorado.

5. Defendant is a third-party debt collection agency headquartered at 2600 South Parker Road, Building 4, Suite 340, Aurora, Colorado 80014. Defendant's primary business purpose is collecting or attempting to collect, directly or indirectly, defaulted consumer debts owed or due or asserted to be owed or due to others using the mail and telephone, including consumers in the State of Colorado.

## FACTS SUPPORTING CAUSE OF ACTION

6. In 2016, due to immense financial and personal hardship, Plaintiff could no longer make payments towards her apartment lease with Tiburon Apartments, incurring debt ("subject debt") as a result.

7. Subsequently, Tiburon Apartments charged Plaintiff $3,825.00 in unexplained fees.

8. Plaintiff could not keep up with payments due to the unexplained fees and ultimately defaulted on the subject debt.

9. Subsequently thereafter, Defendant acquired the right to collect on the subject debt while it was in default.

10. In August 2017, Defendant filed suit against Plaintiff.

11. At mediation, Plaintiff entered into a payment plan with Defendant in which she was required to pay $100.00 per month.

12. Plaintiff made timely payments each month until she lost her job in March 2020 due to the COVID-19 pandemic.

13. On March 19, 2020, Plaintiff spoke to Defendant and informed its representative that she was unable to make her monthly payment due to losing her job.

14. Around March 21, 2020, Plaintiff spoke to Defendant again and offered to make a $25.00 payment on the subject debt.

15. Defendant's representative told Plaintiff that she could not accept any payment below $100.00.

16. Defendant refused to accommodate to Plaintiff in any way despite the unprecedented pandemic, Plaintiff's loss of employment, and Plaintiff's willingness to adjust her payment amount so she could continue to pay off the subject debt.

17. Despite Plaintiff's willingness to make payments, Defendant refused to accept payments so it can increase its interest and late charges at the expense of Plaintiff.

18. Rather than fall into further default, Plaintiff attempted to mitigate potential damages by adjusting the payment schedule. Defendant's refusal of such an adjustment was unconscionable and inherently unfair.

## DAMAGES

19. Defendant's unfair collection conduct has severely disrupted Plaintiff's daily life and general well-being.

20. Plaintiff has expended time and incurred costs consulting with her attorneys as a result of Defendant's unfair collection efforts.

21. Defendant's illegal collection activities have caused Plaintiff actual harm, including but not limited to wasting Plaintiff's time, emotional distress, aggravation that accompanies unsolicited debt collection efforts, harassment, emotional distress, anxiety, and loss of concentration.

22. Concerned about the violations of her rights, Plaintiff sought the assistance of counsel to permanently cease Defendant's collection efforts.

## COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

23. Plaintiff restates and realleges paragraphs 1 through 22 as though fully set forth herein.

24. Plaintiff is a "consumer" as defined by FDCPA §1692a(3).

25. The subject debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

26. Defendant is a "debt collector" as defined by §1692a(6) because it's a business, the principal purpose of which, is the collection of debts and uses the mail and/or the telephones to collect delinquent accounts allegedly owed to a third party.

27. Moreover, Defendant is a "debt collector" because it acquired rights to the subject debt after it was in default. 15 U.S.C. §1692a(6).

28. Defendant used the phone to attempt to collect the subject debt and, as such, engaged in "communications" as defined in FDCPA §1692a(2).

29. Defendant's communications to Plaintiff were made in connection with the collection of the subject debt.

30. Defendant violated 15 U.S.C. §§1692e, e(10), and f through its unlawful debt collection practices.

   a. **Violations of FDCPA § 1692e**

31. Defendant violated §1692e and e(10) by engaging in deceptive and misleading means in an attempt to collect the subject debt from Plaintiff. It was deceptive and misleading for Defendant to refuse payment from Plaintiff unless she was willing to pay the full amount. These misleading means were used in an attempt to coerce Plaintiff into making a full payment on the subject debt, even though Defendant was aware that Plaintiff lost her job, had no income, and was unable to make such a payment.

32. Furthermore, Defendant knew that it would be impossible for Plaintiff to keep up with her payment plan given the environment and her current employment status. Nevertheless, Defendant maintained its harsh stance and refused to accept lower payments to keep Plaintiff from entering into further default.

    **b. Violations of FDCPA § 1692f**

33. Defendant violated §1692f by engaging in unfair and unconscionable means in an attempt to collect on the subject debt. Defendant's refusal to accept a lower payment amount and to accommodate Plaintiff after she lost her job was unfair and unconscionable. Defendant's statement that any payment under $100.00 was unacceptable was nothing more than a thinly veiled attempt to unconscionably intimidate Plaintiff into making a full payment on the subject debt, using money she did not have.

34. Moreover, Despite Plaintiff's willingness to make payments, Defendant refused to accept payments so it can increase its interest and late charges at the expense of Plaintiff.

35. As an experienced debt collector, Defendant knew or should have known the ramifications of using unfair and unconscionable means to attempt to collect a debt.

36. Defendant's conduct underscores its motives for keeping Plaintiff in a perpetual state of default.

37. As pled above, Plaintiff was severely harmed by Defendant's conduct.

38. Upon information and belief, Defendant systematically places unsolicited and harassing debt collection calls to consumers in Colorado in order to aggressively collect debts in default to increase its profitability at the consumers' expense.

39. Upon information and belief, Defendant has no system in place to document, archive, and cease collection of debts not owed.

**WHEREFORE**, Plaintiff MARY K. MCKINNEY respectfully requests that this Honorable Court:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

c. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3); and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

**Plaintiff demands trial by jury.**

Dated: May 21, 2020                                                 Respectfully Submitted,

/s/ Alexander J. Taylor
/s/ Marwan R. Daher
/s/ Omar T. Sulaiman
Alexander J. Taylor, Esq.
Marwan R. Daher, Esq.
Omar T. Sulaiman, Esq.
*Counsel for Plaintiff*
Sulaiman Law Group, Ltd
2500 S Highland Ave, Suite 200
Lombard, IL 60148
Telephone: (630) 575-8181
ataylor@sulaimanlaw.com
mdaher@sulaimanlaw.com
osulaiman@sulaimanlaw.com